**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**TOYE TUTIS,**

    **Petitioner,**

**v.**            **Civil Action No.: 3:20-CV-112**

         **d4Fi&Fyg**

    **(GROH)**

**R. HUDGINS, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On June 30, 2020, Petitioner acting *pro se* filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, with an exhibit attached thereto.  ECF Nos. 1, 1-1. Petitioner is currently housed Gilmer FCI, and states in his petition that his direct appeal remains pending before the Court of Appeals for the Third Circuit.  ECF No. 1 at 3.

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed without prejudice.

## II.   FACTS

### A.  Conviction and Sentence[1]

On September 14, 2016, in the United States District Court for the District of New Jersey, a multi-count second superseding indictment was returned which charged Petitioner and several co-defendants.  ECF No. 339.  Petitioner was charged in Count 1 with conspiring with others to distribute and possess with intent to distribute more than 5 kilograms of cocaine, more than 280 grams of cocaine base, that is, crack cocaine, and more than one kilogram of heroin, in violation of 21 U.S.C. § 846.  Id.  In Count 13, Petitioner was charged with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  Id.  On November 1, 2016, pursuant to a written plea agreement, Petitioner entered a guilty plea as to Counts 1 and 13 of the second superseding indictment.  ECF Nos. 396, 398, 584 at 1.

On May 16, 2019, Petitioner was sentenced to 264 months of imprisonment on Count 1 and 100 months of imprisonment on Count 13, with those sentences to run concurrently with one another.  ECF No. 584 at 2.

### B.  Appellate and Other Post-conviction Relief

On May 14, 2019, Petitioner filed a notice of intent to appeal.  ECF No. 585. That case was docketed by the United States Court of Appeals for the Third Circuit as number 19-2106.  U.S.C.A. 3rd Cir. 19-2106.  The Government filed a notice of intent to

---

[1] The facts in section II.A. and II.B., unless otherwise noted, are taken from Petitioner's criminal case, Case Number 1:14-CR-699 in the United States District Court for the District of New Jersey, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of public record); Colonial Penns. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

cross appeal on June 13, 2019, "so that the United States may determine whether to request a remand for resentencing before a different district judge if Tutis pursues any issue in this appeal that is either beyond those reserved through his conditional guilty plea or foreclosed by his appellate waiver."  ECF No. 593 at 1.  That case was docketed by the Third Circuit as 19-2380.  Both cases remain pending before the Third Circuit Court of Appeals.

On June 19, 2020, Petitioner filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582.  ECF No. 662.  That motion remains pending.

### C.  Instant 2241 Petition

This § 2241 petition was filed on June 30, 2020, and was accompanied by a one-page exhibit.  ECF Nos. 1, 1-1.  Therein, Petitioner challenges both his sentence and the conditions of his confinement.  ECF No. 1.

Petitioner's sole ground for relief is that he was denied placement in home confinement.   ECF No. 1 at 10.   He seeks release from incarceration to home confinement.  Id. at 10.  Petitioner concedes that he filed a BP-9 appeal on May 19, 2020, which remains pending.[2]  ECF No. 1 at 6.

### III.    LEGAL STANDARD

### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

---

[2]  Alternatively, Petitioner states that his appeals were denied.  ECF No. 1 at 10 – 11.

court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see</u> <u>also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.    Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

---

[3]  The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

490 U.S. at 327.

### C.    Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### IV.    ANALYSIS

Petitioner's direct appeal remains pending in the United States Court of Appeals for the Third Circuit.  U.S.C.A. 3rd Cir. 19-2106.  In the instant § 2241 petition, Petitioner seeks release from incarceration which is essentially the same relief that he seeks in the Third Circuit Court of Appeals.  Additionally, Petitioner has filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582 in the court of his conviction, which also remains pending.  D.N.J. 1:14-CR-699, ECF No. 662.  The challenge to Petitioner's sentence is more appropriately considered in Petitioner's direct appeal in the Third Circuit Court of Appeals and/or in his § 3582 motion pending in the court of conviction.

It has long been recognized in this Circuit that courts should not rule upon issues when another court already exercises jurisdiction over those same matters.  Aetna Cas.

5

& Sur. Co. v. Quarles, 92 F.2d 321, 325–26 (4th Cir. 1937) ("The court will refuse [to rule] where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances.")

Accordingly, it is clear on the face of the petition that this court lacks jurisdiction, because the matters addressed and relief sought are already under consideration by the Third Circuit Court of Appeals, in a direct appeal from the judgment of the District Court in the District of New Jersey, and by the District Court in the District of New Jersey in his pending § 3582 motion.

Moreover, it is also clear upon the face of the petition, that Petitioner has failed to exhaust his administrative remedies.  Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a).  "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.  Failure to exhaust may only be excused upon a showing of cause and prejudice."  McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)).  Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures.  Booth v. Churner, 532 U.S. 731, 741 (2001).  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court.   Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at

741).  "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  <u>Porter</u>, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte.  <u>Custis v. Davis</u>, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.")

Pursuant to <u>McClung</u>, failure to exhaust may only be excused upon a showing of cause and prejudice.  Petitioner has not claimed any excuse for his failure to exhaust. As recognized in <u>Carmona</u>, <u>supra</u>, which was cited by the Fourth Circuit in its opinion in <u>McClung</u>:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies.  When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

<u>Carmona</u>, 243 F.3d at 634 (internal citations omitted).

The petition clearly states that Petitioner did not exhaust available administrative remedies.  ECF No. 1 at 6.  Because Petitioner has failed to exhaust all administrative remedies available to him, related to his claim that he is entitled either to sentence reduction or a release to home incarceration, Petitioner's claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

**Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91

(4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court.

The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and

Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to

his last known address as reflected on the docket sheet.

DATED:        July 2, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

9