**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**TOYE TITUS,**

            Petitioner,

**v.**                                                        **CIVIL ACTION NO.: 3:20-CV-112**
                                                             **(GROH)**

**R. HUDGINS, Warden,**

            Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

        Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble.   Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 4] on July 2, 2020.   Therein, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed without prejudice.

        Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of the magistrate judge's findings where objection is made.   However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made.   Thomas v. Arn, 474 U.S. 140, 150 (1985).   Failure to file timely objections constitutes a waiver of de novo review and of a petitioner's right to appeal this Court's Order.   28.U.S.C..§ 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary."  Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review."  Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).  Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review).  Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient."  Mario 313 F.3d at 766.  Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The R&R was mailed to the Petitioner by certified mail on July 2, 2020.  ECF No. 4.  The Petitioner accepted service on July 6, 2020.  ECF No. 6.  The Petitioner filed objections on July 20, 2020. ECF No. 7.  Accordingly, this Court will review the portions of the R&R to which the

Petitioner objects *de novo*.

Magistrate Judge Trumble recommends that that this action be dismissed without prejudice because the matters addressed and relief sought in the instant petition are already under consideration in a direct appeal before the Third Circuit Court of Appeals and/or in a pending motion for compassionate release in the District Court for the District of New Jersey.   In his objections, the Petitioner contends that the instant petition addresses different issues that could not have been raised in his direct appeal. Furthermore, the Petitioner argues that his motion for compassionate release is premised on a different statutory provision.   Regardless of whether his direct appeal or motion for compassionate present different issues than the instant motion, the Petitioner has failed to exhaust his administrative remedies as indicated in the R&R.   While the Petitioner does attach copies of his request for home confinement and appeal of the warden's decision, these requests were not completed on the appropriate forms provided by the Bureau of Prisons.   <u>See</u> ECF Nos. 7-1, 7-2 & 7-3.   Moreover, based on the Mid-Atlantic Regional Office's response to his request for home confinement, it is even more evident that the Petitioner has not followed the proper protocol and exhausted his administrative remedies on this claim.   <u>See</u> ECF No. 7-2 at 3.   The Petitioner also fails to demonstrate that he has exhausted his administrative remedies with respect to his claim for a sentence reduction.

Therefore, upon careful review of the R&R, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 4] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein.   Accordingly,

the Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

This matter is **ORDERED STRICKEN** from the Court's active docket.   The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** July 30, 2020

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

4